IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUSTINO ÁVILA TORRES,

Plaintiff

v.                                                              CIVIL 04-1987 (JAF)

COMMISSIONER OF SOCIAL SECURITY,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 22, 2004, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied his application for a period of disability and Social Security disability insurance benefits. The defendant filed a memorandum in support of the final decision on March 9, 2005, (Docket No. 8) and plaintiff filed a memorandum against such final decision on March 29, 2005. (Docket No. 9.)

The only issue for the court to determine is whether the final decision that plaintiff is not under a disability is supported by substantial evidence in the record when looking at such record as a whole. In order to be entitled to such benefits, plaintiff must establish that he was disabled under the Act at any time on or March 29, 2004, the date of the final decision. Plaintiff last meets the earnings requirements for disability benefits under the Social Security Act on December 31, 2006. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 140 n.3 (1st Cir. 1987).

After evaluating the evidence of record, the administrative law judge entered the following findings on March 29, 2004:

CIVIL 04–1987 (JAF)                              2

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 2006.
2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
3. The claimant's epilepsy and arterial hypertension amounts to some restrictions as described in Finding No. 6 (20 CFR § 404.1520(c).
4. These medically determinable impairments do not meet or not medically equal one of the listed in Appendix 1, Subpart P, Regulations No. 4.
5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
6. The claimant retains the residual functional capacity to perform the full range of unskilled medium work; he cannot engage in heavy work and should avoid being around moving machinery and unprotected heights.
7. The claimant's past relevant work as Security Guard and Janitor did not require the performance of work-related activities precluded by his residual functional capacity.
8. The claimant's medically determinable epilepsy and arterial hypertension do not prevent the claimant from performing his past relevant work.
9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(e)).

Tr. at 22-23.

Plaintiff has the burden of proving that he has become disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137 (1987). A finding of disability requires that plaintiff be unable to perform any substantial gainful activity or work because of a medical condition which has lasted or which can be expected to last for a continuous period of at least twelve months. See 42 U.S.C. § 416(i)(1). In general terms, evidence of a physical or mental impairment or a combination of both is insufficient for the Commissioner to award benefits. There must be a causal relationship between such impairment or impairments and plaintiff's inability to perform substantial gainful activity. See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120 (1st Cir. 1986). Partial disability

CIVIL 04–1987 (JAF)                    3

does not qualify a claimant for benefits. See Rodríguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965).

The finding of the Commissioner reflects an application of step four of the sequential evaluation process. See 20 C.F.R. § 404.1520(e). At step four the initial burden is on the claimant to show that he can no longer perform his former work because of his impairment(s). Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996); see Santiago v. Sec'y of Health & Human Servs., 944 F.2d 1, 5 (1st Cir. 1991). Thence, the Commissioner must compare the physical and mental demands of the past work with the current functional capability. See 20 C.F.R. § 404.1560(b). At this stage, the administrative law judge is entitled to credit a claimant's own description of his former job duties and functional limitations but has some burden independently to develop the record. See Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d at 17; Santiago v. Sec'y of Heath & Human Servs., 944 F.2d at 5-6.

The record reflects some high readings of plaintiff's blood pressure (Tr. at 115, 123, 155, 157, 164, 165, 170), and some readings within normal range or borderline. (Tr. at 117, 133, 157, 159, 161, 163, 169.) Plaintiff was examined by Dr. José A. Pérez on April 12, 2002 . The result was an impression of high blood pressure, per history, seizures, per history, chronic alcoholism, per history, and status post left leg trauma, per history. (Tr. at 123-4.) The prognosis based on physical examination was fair. There are also progress notes in the record from Dr. María de Los Ángeles Lugo Hernández reflecting uncontrolled high blood pressure and poor compliance. (Tr. at 157.) Later visits reflected normal and uncontrolled blood pressure readings, and a note that plaintiff had not had a seizure for three months. (Tr. at 155, 170.) A medical report by Dr. Carmen de

CIVIL 04–1987 (JAF)                          4

León dated July 19, 2002 resulted in a diagnoses of epilepsy and high blood pressure with a prognosis of fair. (Tr. at 133-35.) Plaintiff subsequently visited Dr. de León for examinations and medicine refills. A physical residual functional capacity assessment by neurologist Dr. María Hernández dated June 6, 2002, and affirmed by specialist Dr. José R. Pesquera García on October 1, 2002, reflected significant postural limitations in terms of stooping, kneeling, crouching and crawling, and environmental limitations such as avoiding hazards such as unprotected heights, moving machinery, cutting instruments, and driving. (Tr. at 143-50.)

At the hearing before an administrative law judge in San Juan on February 10, 2004, plaintiff testified that he likes to work but he has epileptic attacks and falls down. (Tr. at 27.) He does not know how often these seizures occur but when they do they last half an hour. (Tr. at 28.) He worked for 13 years as a concierge. He had last suffered a seizure 15 days before the hearing. (Tr. at 28.) Plaintiff takes medication for the epilepsy. The medication helps but after 15 days or a month, he gets a seizure. (Tr. at 29.) Plaintiff feels that his memory is fine but he gets nervous and his blood pressure goes up. (Tr. at 31.) Then he has to go home and lie down because he can have an attack. (Tr. at 31.)

Plaintiff argues in his memorandum of law that the administrative law judge should have enlisted the services of medical and vocational testimony in order to determine plaintiff's residual functional capacity, considering plaintiff's vocational limitations. Plaintiff argues that the administrative law judge was ill-equipped to make a final determination without such assistance. Plaintiff also argues that it was error for the administrative law judge to conclude that the high blood pressure and epilepsy were controlled with medication, considering the frequency with

CIVIL 04–1987 (JAF) 5

which seizures occurred, and considering plaintiff's need to be away from hazards, such as machinery.

The administrative law judge acknowledged a combination of physical impairments, the leading one of which was epilepsy which was amenable to treatment and controlled by medication. (Tr. at 18.) There were allegations of a nervous condition, and the results of a leg fracture but the administrative law judge discounted these allegations due to the dearth of evidence in the record to support the allegations. The administrative law judge also found that the arterial hypertension was also amenable to treatment. These were required to be considered under SSR 96-7p and circuit case law. See Avery v. Sec'y of Health & Human Servs., 797 F.2d 19 (1st Cir. 1986). The factors to be weighed under the correct standard are the following:

(i) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); see also SSR 96-7p.

While not following this particular outline, the administrative law judge addressed all of the required points within the supporting rationale for the final decision. (Tr. at 18-19.) The administrative law judge concluded in his rationale

CIVIL 04–1987 (JAF)                              6

that as long as plaintiff takes his medications and avoids the restrictions already mentioned, he could perform a wide range of unskilled activities. (Tr. at 18.) In determining plaintiff's residual functional capacity, the administrative law judge noted that he was, at onset, 57 years old, 61 years old on the date of the hearing. Plaintiff was thus of advanced age, and considered close to retirement. Having a fifth grade education, and having worked as a security guard and janitor, both unskilled, and light and medium in nature, the plaintiff was considered capable of performing his previous relevant work. (Tr. at 19.)

Having considered the record weighed by the administrative law judge, I conclude that the final decision reflects a reasonable balancing and weighing of evidence and the making of credibility determinations by the administrative law judge. See Gray v. Heckler, 760 F.2d 369, 374 (1st Cir. 1985); Tremblay v. Sec'y of Health & Human Servs., 676 F.2d 11, 12 (1st Cir. 1982); Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). While there was evidence of high blood pressure, and monthly seizures or seizures every 15 days, there was also medical evidence reflecting that plaintiff was not complying with taking his medication at times, that his seizures were controlled, and that months passed between seizures. Dr. de León felt that plaintiff's ability to do work related physical activity was adequate (Tr. at 138) and that the frequency of seizures had decreased. (Tr. at 135.) Lay evidence reveals frequent seizures. Plaintiff has a history of chronic alcohol intake, although no longer active, and poor compliance with medication. (Tr. at 141, 142.) In summary, the record does not lead to one conclusion.

Looking at the evidence as a whole, I cannot find that the Commissioner's decision has failed to comply with the requirements of the substantial evidence

CIVIL 04–1987 (JAF)                                7

rule.  There being no good cause to remand, I recommend that the final decision of the Commissioner be affirmed and that this action be dismissed.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 12th day of May, 2005.


                                         S/ JUSTO ARENAS
                                   Chief United States Magistrate Judge